U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed January 12, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| HARRY EUGENE WILKERSON AND | § | CASE NO. 07-43662-DML-13 |
| GEORGIA LOU WILKERSON | § | |
| | § | |
| DEBTORS. | § | |
| | § | |

## MEMORANDUM ORDER

Before the court are the *Trustee's Modification of Chapter 13 Plan After Confirmation (Excess Base)* (the "Trustee's Modification"), filed by the Chapter 13 Trustee (the "Trustee"), and the *Debtor's* [sic] *Response to Trustee's Modification of Chapter 13 Plan After Confirmation (Excess Base)* (the "Response").

The court held a hearing (the "Hearing") on the Trustee's Modification and the Response on October 21, 2010. During the Hearing, the court received testimony from

Harry Wilkerson. The court requested additional briefing on the issues and each party later filed a brief.

This matter is subject to the court's core jurisdiction. 28 U.S.C. §§ 1334 and 157(b)(2)(L). This memorandum order embodies the court's findings of fact and conclusions of law. FED. R. BANKR. P. 7052 and 9014.

**I. Discussion**

By the Trustee's Modification, the Trustee asks the court to modify Debtors' chapter 13 plan after confirmation to allow any excess base amount that is not needed to pay allowed Secured, Priority and Administrative Claims in full to be directed towards payment of any allowed general unsecured claims.

By the Response, Debtors ask the court to modify their chapter 13 plan to reduce the base amount from $60,000 to $36,181.56, close out the case, reduce the plan's term from 60 months to 36 months and provide from funds held by the Trustee their attorney with attorney fees in the amount of $400.00.[1]

Debtors' plan provides for an unsecured creditors' pool of $16,260.00. No one, including the Trustee, objected to Debtors' plan. The order confirming Debtors' plan provides:

> IT IS FURTHER ORDERED that allowed unsecured claims will be paid pro rata from the greater of an unsecured pool of approximately $16,260.00 or non-exempt property of $95.00.

As of the date of Debtors' brief, December 23, 2010, Debtors had paid $39,412.34 in plan payments, approximately $16,226.65 of which had been disbursed to

---

[1] Debtors also ask the court to reduce the percentage paid to unsecured creditors. Even if the court grants all other relief requested by the Response, the court does not understand that the effect will be to reduce the percentage the plan requires be paid to unsecured creditors.

unsecured creditors – thus (together with funds to be disbursed) satisfying the unsecured creditors' pool as described in Debtors' confirmed plan.

The amount of the unsecured creditors' pool was set by the confirmation order and is now *res judicata*. *See, e.g., In re Howard*, 972 F.2d 639, 641 (5th Cir. 1992) ("*Shoaf* stands for the proposition that a confirmed Chapter 13 plan is *res judicata* as to all parties who participate in the confirmation process."); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir. 1987); *Brown v. Chesnut (In re Chesnut)*, 356 Fed. Appx. 732, 737 (5th Cir. 2009) (the text of the Bankruptcy Code supports the application of *res judicata* to chapter 13 plans); 8 COLLIER ON BANKRUPTCY ¶ 1327.02[1] (16th ed. 2010) ("Upon becoming final, the order confirming a chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan. Absent timely appeal, the confirmed plan is *res judicata* and its terms are not subject to collateral attack."). Because Debtors have satisfied the unsecured pool required under their plan, they cannot be required to pay more. Had the order provided that unsecured creditors would be paid "no less than their pro rata share of the greater of…," the Trustee would have the latitude to seek modification of the plan. As it is, Debtors' obligation to the unsecured creditors was capped.

As of the date of Debtors' brief, the Trustee was holding $5,544.00 in plan payments pending the outcome of the instant issues. It does not appear as though Debtors object to these monies being distributed to creditors.

## II. Conclusions

For the foregoing reasons, it is therefore **ORDERED** that

1. the Trustee's Modification is **DENIED**;

2. the modifications described in the Response are approved; and

3. the Trustee is instructed to pay attorney fees in the amount of $400 to Debtors' attorney and to pay the balance of undisbursed funds that she is holding pending disposition of the Trustee's Modification to creditors.

### END OF ORDER ###